TILFORD v. THE FAIRFIELD MANUF'G CO.

1. **Contract for Services**: BREACH BY EMPLOYER: DAMAGES: GENERAL AND SPECIAL VERDICTS. Action for damages for being "laid off" and then discharged under an alleged contract for constant employment. The court instructed that, if the contract was as alleged in the petition, defendant was bound to give plaintiff steady work so long as it continued him in its employ; and that, if it, without entirely releasing him from the engagement, laid him off for a time, it was responsible to him for his wages during that time; but that, if the employment was for an indefinite period, it had the right to terminate it at any time. The jury found for the plaintiff for the amount of his wages while laid off; and they also found specially that the employment was not for any definite period. *Held* that, under the instruction, the general verdict was not inconsistent with the special finding.

*Appeal from Jefferson Circuit Court.*

FRIDAY, JUNE 17.

IT is alleged in the petition that plaintiff was employed by defendant to work for it at an agreed salary, and that the agreement was that he was to be given steady and constant employment; and it is charged that defendant violated its undertaking, in that it laid plaintiff off from December 24, 1884, to February 1, 1885, and afterwards wrongfully discharged him from the service. This action was brought for the recovery of the damages sustained by plaintiff in consequence of these breaches of the contract. There was a general verdict for plaintiff, and the jury found specially that the employment was not for any definite period. Defendant moved for judgment on the special finding, on the ground that, upon the fact found thereby, plaintiff was not entitled to recover. The circuit court overruled this motion, and

rendered judgment for plaintiff on the general verdict, and defendant appeals.

*Leggett & McKemey*, for appellant.

*M. A. McCoid*, for appellee.

REED, J.—The circuit court instructed the jury that, if the contract was as alleged in the petition, defendant was bound to give plaintiff steady work so long as it continued him in its employ; and that if it, without entirely releasing him from the engagement, laid him off for a time, it was responsible to him for his wages during that time; but that, if the employment was for an indefinite period, it had the right to terminate it at any time. No exception was taken to this instruction, and the giving of it has not been assigned as error. We will assume, therefore, that it is correct. The evidence is not all set out in the abstract, and we will assume, also, that it was based upon the evidence in the case. Under it the jury were warranted in awarding plaintiff damages to the extent of the amount of his wages during the time he was laid off. The sum awarded is not in excess of that amount. There is therefore no inconsistency between the general and special verdicts.

AFFIRMED.